IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY KING, | § | |
| | § | No. 296, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1909016237 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: November 22, 2024
Decided: January 28, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Jeffrey King appeals the Superior Court's denial of his motion for sentence modification. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of King's opening brief that his appeal is without merit. We agree and affirm.

(2) In October 2019, King was arrested for the 1993 rape of a woman in Newark, Delaware. On May 10, 2022, King pleaded guilty to one count of third-degree unlawful sexual intercourse and one count of third-degree unlawful sexual penetration. As part of the plea agreement, the defense agreed not to ask for less than

five years of unsuspended incarceration, and the State agreed to cap its sentencing recommendation at ten years of unsuspended incarceration. Following a presentence investigation, the Superior Court sentenced King to ten years of incarceration, followed by two years of probation. King did not appeal his convictions or sentence.

(3) In December 2022, King timely moved for reduction of sentence under Superior Court Criminal Rule 35(b). Citing his various medical ailments and diagnoses, King asked the court to reduce his sentence to home confinement. The Superior Court denied the motion, noting that it was aware of King's physical condition at the time of sentencing. King did not appeal.

(4) In February 2023, King filed another motion for sentence modification under Rule 35(b), arguing that his medical needs were extraordinary circumstances warranting sentence reduction. The Superior Court denied the motion, finding (i) the motion was repetitive and untimely and (ii) that extraordinary circumstances did not warrant the reduction of King's sentence. This appeal followed.

(5) "The merit of a [motion for] sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."[1] The Superior Court may consider a motion for modification filed more than ninety days after the defendant's

---

[1] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008).

sentencing "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[2] The Superior Court will not consider repetitive requests for modification.[3]

(6)     In his opening brief on appeal, King contends that the failure of the Department of Correction to administer King's medications constitutes extraordinary circumstances to excuse the untimely filing of the motion to modify and that the fair administration of justice requires the consideration of his repetitive motion for sentence modification. After careful review, we find King's claims to be unavailing.

(7)     First, Rule 35(b) bars repetitive motions, like King's. There is no exception to the repetitive motion bar.[4] Second, the Superior Court did not abuse its discretion when it found that extraordinary circumstances do not exist to excuse King's untimely motion. "[E]xtraordinary circumstances are circumstances that specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[5] Here, the parties considered (and advised the court that they had considered) King's medical diagnoses and challenges when negotiating a plea; prior to sentencing, defense counsel submitted a sentencing memorandum that detailed King's medical

---

[2] Del. Super. Ct. Crim. R. 35(b).

[3] *Id.*; *State v. Culp*, 152 A.3d 141, 144 (Del. 2016) ("Rule 35(b) does not set forth any exception to the repetitive motion bar.").

[4] *Culp*, 152 A.3d at 144.

[5] *Id.* at 145 (internal quotation marks and citations omitted).

3

diagnoses and challenges; and the Superior Court considered King's "physical/mental impairment" to be a mitigating factor when sentencing him. Moreover, King's medical condition formed the basis of his first, timely motion for sentence modification. In short, King's motion did not set forth extraordinary circumstances warranting an exception to Rule 35(b)'s time-bar, and the motion was an impermissible repetitive request for sentence modification.[6] We note that King is not without recourse: the Superior Court may modify his sentence on the basis of an application filed by DOC for good cause, and good cause includes "serious medical illness or infirmity of the offender."[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[6] *See Gibbs v. State*, 2004 WL 2743427, at *2 (Del. Nov. 12, 2004) (affirming the Superior Court's denial of the movant's fourth, *timely* filed motion for sentence modification as an impermissible repetitive motion).
[7] 11 *Del. C.* § 4217(b), (c).